[Civ. No. 21186. First Dist., Div. Two. Dec. 20, 1963.]

HELEN G. HAUN, Plaintiff and Respondent, v. FRANK J. HYMAN et al., Defendants and Appellants.

Rawles, Nelson & Golden and John J. Golden for Defendants and Appellants.

Leo M. Cook for Plaintiff and Respondent.

SHOEMAKER, P. J.—This is an appeal by defendants Frank J. and Nellie H. Hyman from a judgment quieting plaintiff Helen G. Haun's title to a 4-acre parcel of land and awarding her compensatory and punitive damages for trespass upon said property.

Ralph W. Todd, the father of Helen G. Haun, was formerly the owner of the real property which is the subject of this litigation. After his death, his administratrix conveyed certain real property to the Hymans and some people named Penitenti, whose interest was subsequently acquired by the Hymans. The remainder of the Todd property was distributed to certain heirs of the decedent, including Helen G. Haun. She subsequently acquired the interest of the other distributees (see facts set forth in *Hyman* v. *Haun* (1961) 191 Cal.App.2d 891, 892-894 [13 Cal.Rptr. 87]).

Prior to the present action, the Hymans brought a quiet title suit against Helen G. Haun. The basic issue in that

action was whether the deed from the administratrix of the Todd estate to the Hymans and the Penitentis conveyed 14 acres, as the Hymans contended, or merely 10 acres, as Helen G. Haun contended. This dispute arose as the result of certain ambiguities in the deed, whereby the property conveyed was described as extending " ... along the East boundary of said State Highway, 1169.00 feet to the highwater line on the Southerly side of Noyo River. . . ." By using the metes and bounds portion of this description or by relying upon the "1169.00 feet," the property conveyed was approximately 10 acres in area. By using the call to the high water line, however, the area of the parcel was approximately 14 acres. The trial judge, after admitting extrinsic evidence bearing upon the ambiguities in the deed, found that it was the intent of the administratrix of the Todd estate and of both the Hymans and the Penitentis that 10 acres and no more be conveyed to the Hymans and Penitentis; that the Hymans had sought to quiet their title to lands which were described in their complaint as containing 14 acres; that the Hymans had not sustained the burden of proof "as to just what lands they do own." Judgment was entered that the Hymans take nothing by their action. The judgment was affirmed on appeal. (*Hyman* v. *Haun* (1961) 191 Cal.App.2d 891 [13 Cal. Rptr. 87] [the foregoing facts have been taken from the text of this opinion].)

Helen G. Haun then commenced the present action to quiet her title to the 4-acre parcel which was the subject of dispute in the prior action (i.e., those 4 acres which were embraced within the high water line description of the deed to the Hymans and Penitentis, but not within the metes and bounds description thereof). Her complaint specifically alleged that the Hymans were estopped, by virtue of the prior judgment, from asserting title to the 4-acre parcel. The Hymans cross-complained for a judgment quieting their title to the 14-acre tract subject of the prior action.

The court below concluded that it was bound by the decision in the prior action that the deed from the Todd estate to the Hymans and Penitentis was intended to convey no more than 10 acres. It also concluded, however, that since the prior decision did not determine where the Hymans' 10 acres were located, or, conversely, where Helen G. Haun's 4 acres were located, it was not estopped to decide this issue. The court found in this regard that no evidence had been introduced showing an intent to locate the Hymans' 10 acres on

any ground other than that described by the metes and bounds description in the deed from the Todd estate. The court accordingly quieted Helen G. Haun's title to the 4-acre parcel which was excluded from this description, but embraced within the description based upon the call to the high water mark. The court also awarded her $217 compensatory damages and $1,000 punitive damages for the Hymans' trespass upon this property.

Appellants' arguments relate to the merits of the boundary dispute, to the award of exemplary damages, and to the effect of the decision in the prior action. This latter point will be discussed first for the reason that if the decision in the prior action is effective as a collateral estoppel, the merits of the boundary dispute will never be reached.

Appellants' sole contention relative to the effect of the prior decision is that the trial court in that case was unable to determine what party owned what land and accordingly entered a judgment holding only that appellants should take nothing by their action. Appellants assert that such a decision cannot be deemed a judgment on the merits and that the court in the present action was therefore free to grant appellants the relief sought under their cross-complaint and quiet their title to the entire 14-acre parcel subject of the prior action. This contention is without merit.

It is settled that a judgment in a prior action "operates as an estoppel or conclusive adjudication as to such issues . . . as were actually litigated and determined in the first action." (*Todhunter* v. *Smith* (1934) 219 Cal. 690, 695 [28 P.2d 916]) If title or interest in real property was at issue in a former action, the judgment is conclusive in later proceedings involving the same title or interest. (*Seidell* v. *Anglo-California Trust Co.* (1942) 55 Cal.App.2d 913, 918 [132 P.2d 12]; *Strickland* v. *Calancorporation, Ltd.* (1957) 156 Cal.App.2d 488, 494 [319 P.2d 737]; *Freeze* v. *Salot* (1954) 122 Cal.App.2d 561, 564-566 [266 P.2d 140].) A prior action may establish the nonexistence as well as the existence of a fact (*Yates* v. *United States* (1957) 354 U.S. 298, 335-336 [77 S.Ct. 1064, 1 L.Ed.2d 1356, 1385]), and a simple judgment in a quiet title action in favor of the defendant operates as an estoppel upon the plaintiff, determines title between the parties and protects the defendant against any claim of the plaintiff as fully as would an affirmative decree in his favor. (*Warden* v. *Stoll* (1930) 210 Cal. 374, 377 [291 P. 835].)

When the judgment in the prior action is analyzed in the light of these authorities, it becomes apparent that appellants were estopped from asserting in the court below that they were the owners of the entire 14-acre parcel subject of the prior action. The trial court in that action expressly found that the deed executed by the administratrix of the Todd estate was never intended to convey more than 10 acres to appellants and their predecessors in interest, the Penitentis. The trial court was therefore correct in concluding that the sole issue to be resolved by it was which four acres had been excluded from the deed to appellants and the Penitentis and had therefore been retained by respondent's predecessor in interest. We have no doubt that this issue was *not* adjudicated in the prior action, particularly in view of the trial court's finding that appellants had failed to sustain the burden of proving which 10 acres had been conveyed by the deed from the Todd estate.

Appellants also suggest, however, that respondent waived her right to rely upon the prior decision by agreeing that the complete record of the prior action might be admitted into evidence in the trial court. This contention cannot be sustained. It is settled that a party relying upon the doctrine of collateral estoppel has the burden of proving that a particular issue was actually tried and determined in the prior action. (*Babcock* v. *Babcock* (1944) 63 Cal.App.2d 94, 97-98 [146 P.2d 279].) It is accordingly the rule that the entire proceedings in the first suit may be admitted for the purpose of determining whether the issue in question was in fact decided by the prior judgment. (See 3 Witkin, Cal. Procedure, Judgment, § 62, p. 1948; *Babcock* v. *Babcock, supra,* at pp. 97-98.) It would obviously be absurd to hold that respondent had waived her right to rely upon the doctrine of collateral estopped by her very act of offering proof that certain of the issues in the present action were actually litigated in the prior action.

Appellants' final contention is that the court erred in awarding respondent $1,000 exemplary damages for their trespass upon respondent's 4-acre parcel. The evidence in support of this award is substantially without dispute: Pending the appeal in the prior action, appellants caused to be taken and removed from a gravel pit on the disputed 4 acres, without respondent's permission, 1,170 cubic yards of gravel. Appellant Frank J. Hyman informed the man employed to

remove the gravel that he "might have to be a witness in it according to how the outcome of this trial might be." Also during this time, appellants caused a road to be constructed upon the same 4 acres without respondent's consent. Appellant Frank J. Hyman testified that he had made the decision to build the road and had ordered it done. He attempted to justify his construction of the road on the grounds that it was an improvement and needed by the Coast Guard. He had not consulted his lawyer about the matter. There was evidence that the principal attraction and value of the land were the trees and the natural beauty of the area. Certain of the trees were cut down during the road work and quantities of dirt were piled into the river abutting the property.

Upon this record, the trial court found that respondent was entitled to $117 for the removal of the gravel, and $100 for damage to the land caused by the construction of the road. In regard to exemplary damages, the court found as follows: "Hyman acted deliberately and with malice in committing the trespass described in Paragraph V and VI. (*Comment*: Considering that Hyman ought to have known that the prior judgment was substantially against his claim, and since Hyman did not act on the advice of counsel in trespassing as he did, I believe he must be found to have acted maliciously and deliberately in committing the trespass.) . . .

"Punitive damages in the amount of $1,000.00 are fair and reasonable considering the wealth of Hyman and the circumstances of the trespass."

Appellants now contend that the evidence was insufficient as a matter of law to support the finding of malice. We do not agree. ██ Pursuant to Civil Code, section 3294, exemplary or punitive damages may be recovered where the defendant has been guilty of oppression, fraud, or malice, express or implied. "Malice" has been defined as " 'the motive and willingness to vex, harass, annoy, or injure.' " (*Shumate* v. *Johnson Publishing Co.* (1956) 139 Cal.App.2d 121, 135 [293 P.2d 531].) ██ Where a trespass is committed from wanton or malicious motives, or a reckless disregard of the rights of others, or under circumstances of great hardship or oppression, it is clear that punitive damages may be awarded. (*Sturges* v. *Charles L. Harney, Inc.* (1958) 165 Cal.App.2d 306, 322 [331 P.2d 1072].)

██ Our examination of the record finds evidence that was clearly sufficient to support the finding of the trial court

that appellants acted with reckless or criminal indifference to respondent's rights and claims. It follows, therefore, that the award of punitive damages must be upheld.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 5, 1964.