**In the Matter of Lawrence Lee PETER-SON, Bankrupt-Appellee,**

v.

**CLARK LEASING CORPORATION, Trustee-Appellant.**

**No. 71–2072.**

United States Court of Appeals, Ninth Circuit.

Dec. 16, 1971.

Daniel S. Frost, of Carr, Kennedy, Peterson & Frost, Redding, Cal., for appellant.

Ira M. Shadwell, Redding, Cal., for appellee.

Before ELY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Appellee Peterson filed a voluntary petition in bankruptcy, listing the Clark Leasing Corporation as his only creditor. Clark Leasing objected to discharge on the ground that Peterson had not kept adequate books and records segregating his personal assets from those of his corporation, Better Trucking, Inc., as required by Section 14c(2) of the Bankruptcy Act. Clark Leasing convinced the Referee that Peterson should be collaterally estopped from litigating this issue by virtue of a state court judgment that pierced the corporate veil of Better Trucking, Inc. and declared its assets to be subject to the claims of Peterson's personal creditors.

The district court determined that the Referee had misconstrued the law of collateral estoppel, vacated the Referee's denial of discharge, and remanded for further hearing on the Section 14c(2) issue. We affirm the district court order.

The doctrine of collateral estoppel prevents parties from relitigating issues that have been resolved in an earlier action between the same parties or their privies. 1B Moore's Federal Practice ¶0.443[1]. The doctrine applies only to issues that are identical in both actions. Issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits be the same. 1B Moore's Federal Practice ¶0.443[2].

The California Superior Court held that Peterson had so intermingled his assets and financial records with those of Better Trucking that, as a matter of state law, he could not shield Better Trucking's assets from his personal creditors. The Referee's task is to decide whether Peterson's financial records are inadequate under the federal bankruptcy statute.

Although these inquiries are likely very similar, we have no indication that California corporation law precisely traces the federal law of bankruptcy on this point. Accordingly we hold that identity of issue is lacking.

Affirmed.