523 F.2d 811
 Su-Chang HAUNG TANG, Plaintiff and Appellee,
v.
AETNA LIFE INSURANCE COMPANY, Defendant.
Jaw-Mann JONG, also known as Chung Hao-Man and Chung
Chao-Man, Cross-Complainant and Appellant,
v.
AETNA LIFE INSURANCE COMPANY, a Connecticut Corporation, et
al., Cross-Defendants.
 No. 74-2611.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 29, 1975.
Rehearing Denied Oct. 23, 1975.
 
 Domingo R. Quintero, San Diego, Cal., for defendant.
 Brundage, Williams & Zellmann, San Diego, Cal., for plaintiff-appellee.
 OPINION
 Before CARTER, HUFSTEDLER and GOODWIN, Circuit Judges.
 HUFSTEDLER, Circuit Judge:
 
 
 1
 In this diversity action the district court granted summary judgment in favor of appellee Tang in her action to collect the proceeds of a life insurance policy on the life of appellant Jong's wife. Jong is the primary beneficiary of the policy. Tang, the decedent's mother, is the alternate beneficiary. Jong killed his wife in San Diego, California, in 1972. He fled to Taiwan, surrendered to Chinese authorities, and was tried and convicted for homicide by a Taiwanese court. He is now incarcerated in Taiwan.
 
 
 2
 Under California Probate Code section 258, "No person who has unlawfully and intentionally caused the death of a decedent . . . shall be entitled to succeed to any portion of the estate . . .. A conviction or acquittal on a charge of murder or voluntary manslaughter shall be a conclusive determination of the unlawfulness or lawfulness of a causing of death, for the purposes of this section." The provision has been held to apply to the proceeds of an insurance policy on the life of the decedent. (Beck v. West Coast Life Ins. Co. (1952) 38 Cal.2d 643, 647-48, 241 P.2d 544, 547; New York Life Ins. Co. v. Cawthorne (1975) 48 Cal.App.3d 651, 653-54, 121 Cal.Rptr. 808, 810; In re Estate of McGowan (1973) 35 Cal.App.3d 611, 615, 111 Cal.Rptr. 39, 42.)
 
 
 3
 In his cross-complaint, Jong averred that he killed his wife while he was temporarily insane, and, therefore, his killing was not intentional. Both parties agree that if Jong was insane when he killed his wife, he is not foreclosed from recovering the proceeds of the policy.
 
 
 4
 The district court held that Jong is precluded from litigating the insanity issue because he litigated and lost that issue in the Taiwanese criminal case. The court also held that he is estopped to deny the findings of the Chinese court and that he waived his right to litigate the issue in California when he fled to Taiwan and submitted himself to the jurisdiction of the Taiwanese courts. We reverse because no conclusive or preclusive effect can be afforded the Taiwanese criminal judgment, and the record does not support the existence of estoppel or waiver by Jong.
 
 
 5
 We cannot assume that Probate Code section 258 was intended to include criminal convictions from foreign countries, particularly when, as here, the substantive criminal law and procedure significantly differ from that of the United States.[1] In other contexts, the California legislature has expressly stated when it intended that foreign criminal convictions will be given effect in California proceedings. (Cal.Penal Code § 656 (double jeopardy), § 668 (effect of prior conviction on punishment for subsequent offense).)[2] The failure expressly to include foreign convictions in section 258 and the availability of that section's prohibition through independent proof of an intentional and unlawful killing, See In re Estate of McGowan, supra at 617, 111 Cal.Rptr. at 44, lead us to conclude that the Taiwanese judgment cannot be a conclusive determination of Jong's entitlement to the policy proceeds.
 
 
 6
 But even if we were to assume, Arguendo, that absent an express legislative directive, California might recognize some criminal judgments from foreign countries for some purposes, we could not attach any preclusionary effect (collateral estoppel) to the Taiwanese resolution of Jong's insanity claim. The doctrine of collateral estoppel is based on the "policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy." (Bernhard v. Bank of America (1942) 19 Cal.2d 807, 811, 122 P.2d 892, 894.) "This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case." (Jorgensen v. Jorgensen (1948) 32 Cal.2d 13, 18, 193 P.2d 728, 732.) The first policy is not fulfilled and the doctrine is inapplicable, unless the issue raised and decided in the prior adjudication is identical to the issue in the current litigation. (People v. Taylor (1974) 12 Cal.3d 686, 691, 117 Cal.Rptr. 70, 73, 521 P.2d 622, 625; Bernhard v. Bank of America, supra, 19 Cal.2d at 813, 122 P.2d at 895.)
 
 
 7
 The burden of pleading and proving identity of issue rests on Tang, the party asserting the estoppel. (Erlich v. Superior Court of Los Angeles County (1965) 63 Cal.2d 551, 556-57, 47 Cal.Rptr. 473, 476, 407 P.2d 649, 652; Haun v. Hyman (1963) 223 Cal.App.2d 615, 619, 36 Cal.Rptr. 84, 86-87.) Tang has not carried that burden. In support of her summary judgment motion, Tang presented only the record of the Taiwanese criminal proceedings. That record provides no foundation for a conclusion that the defense of legal insanity in Taiwanese criminal law is the same as that defense under California law.[3]Moreover, the Taiwanese record itself indicates that Jong did not have an opportunity "fully to present his case" on the insanity issue. The Taiwanese high court apparently refused his request to be examined by a psychiatrist, a procedure contrary to that provided by California law. (Cal.Penal Code § 1027.) There is, therefore, no factual or legal basis upon which to bar Jong.[4]
 
 
 8
 Nor is there a factual predicate for the court's conclusion that Jong has waived his insanity claim. He has consistently asserted that claim in California and in Taiwan.
 
 
 9
 Absent the operation of collateral estoppel or waiver, the insanity claim raised a material question of fact that foreclosed summary judgment. " When an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment." (Consolidated Electric Co. v. United States (9th Cir. 1966) 355 F.2d 437, 438.)
 
 
 10
 When the case is tried after remand, Jong, of course, has the burden of proving that he was insane when he killed his wife. (Cal.Evid.Code § 522; People v. Baker (1954) 42 Cal.2d 550, 564, 268 P.2d 705, 714.)
 
 
 11
 Reversed and remanded for further proceedings consistent with the views herein expressed.
 
 
 
 [1]
 The law of Taiwan was presented only in a fragmentary way, but it is evident from the fragments that Taiwanese criminal law and procedure are different from that of California. Many of the rights constitutionally guaranteed to criminal defendants in America do not exist in Taiwan. For example, a criminal defendant has no right to a jury trial
 
 
 [2]
 Similarly, California provides for recognition and enforcement only of specified kinds of civil judgments from foreign countries (Cal.Code Civ.Pro. § 1713.1), and it expressly excludes from recognition those civil judgments, for instance, that are "rendered under a system which does not provide . . . procedures compatible with the requirements of due process of law." Cal.Code Civ.Pro. § 1713.4(a)(1)
 
 
 [3]
 The Hsin-Chu district court opinion was translated as stating that Jong was "enraged" (or "filled with the anguish and hatred"), that he had "lost control of his intellectuality" (or "lost his rationality"), yet the court concluded that the "insanity proposal is . . . unrooted." These recitations of fact and unexplained legal conclusions are inadequate to show that the insanity defense in Taiwanese law is identical or even similar to the standard of insanity applied in California. Cf. Peterson v. Clark Leasing Corp. (9th Cir. 1971) 451 F.2d 1291 (issues not identical for collateral estoppel purposes if two cases used different legal standards for the same factual setting)
 
 
 [4]
 We recognize that in California a criminal conviction in California, or in a sister state by a judgment entitled to full faith and credit, will collaterally estop the defendant from relitigating an issue that has been actually litigated and necessarily decided in the criminal case. Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd. (1962) 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439, Cert. denied (1963), 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130