David HAYWOOD in behalf of himself & others similarly situated, Appellant,

v.

J. C. BALL, N. C. State Highway Patrolman, in his individual & official capacity, H. G. Grohman, Sheriff, New Hanover County, in his individual & official capacity, R. I. Wark, Chief Jailer, New Hanover County Sheriff's Dept., in his individual & official capacity, Claude Foster, Deputy Sheriff, New Hanover County, in his individual & official capacity, Appellees.

No. 80–6137.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 10, 1980.

Decided Nov. 13, 1980.

---

**3.** Because the district court has no subject matter jurisdiction, the case may not be transferred under 28 U.S.C. § 1406(a).

James E. Ferguson, II, Charlotte, N. C. (Charles L. Becton, Chambers, Stein, Ferguson & Becton, P. A., Charlotte, N. C., on brief), for appellant.

John F. Crossley, Wilmington, N. C. (Crossley & Johnson, Wilmington, N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and ERVIN, Circuit Judge.

FIELD, Senior Circuit Judge:

The plaintiff, David Haywood, filed an action against four law enforcement officers of New Hanover County, North Carolina, seeking damages arising from the defendants' failure to secure prompt medical attention for the plaintiff after he was involved in an automobile accident for which he was arrested and incarcerated upon a charge of driving while intoxicated. Haywood's complaint alleged a federal cause of action under 42 U.S.C. § 1983 for violation of his constitutional rights under the Eighth and Fourteenth Amendments and a pendent state claim based upon common law negligence.

At the close of the plaintiff's evidence the district court dismissed the case as to one of the defendants, Foster, a deputy sheriff, and the trial proceeded with respect to the remaining three. The case was submitted to the jury for determination of the liability of Grohman, the Sheriff of New Hanover County; Wark, his Chief Jailer; and Ball, a state trooper. In charging the jury on the federal claim, the district judge framed the standard of liability in the language of *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), "deliberate indifference to serious medical needs." The standard negligence instructions were given on the state claim. The jury returned a verdict in favor of Grohman and Wark on the federal claim and a verdict in favor of Trooper Ball on the state claim. The jury also found the defendant Wark guilty of common-law negligence but declared itself hopelessly deadlocked on the issue of damages, and the court declared a mistrial on this issue.

Acting upon post-trial motions, the district court ruled that since Haywood had not prevailed upon his federal claim the pendent state claim should be dismissed without prejudice to Haywood to pursue it in the appropriate state forum. Upon Haywood's appeal from this dismissal, we held

that his constitutional claim was a substantial one, and that "it would be a manifest injustice to require Haywood to re–try the negligence claim in state court after winning a verdict in the federal forum." *Haywood v. Ball*, 586 F.2d 996, 1000 (4th Cir. 1978). Accordingly, we reversed the district court's order of dismissal and remanded the case with instructions to reinstate the jury verdict on liability and proceed to trial on the issue of damages.

Upon the retrial the jury, in answer to the issues submitted to it, returned the following verdict as to the defendant Wark:

1. What amount of actual damages, if any, is plaintiff entitled to recover of defendant Wark?

ANSWER: $1,000.00

2. If your answer to the first issue is in any amount, was the conduct of defendant Wark malicious, wanton and oppressive as alleged in the complaint?

ANSWER: Yes

3. If your answer to the second issue is "yes", what amount of punitive damages, if any, is plaintiff entitled to recover of defendant Wark?

ANSWER: $5,000.00

Following this verdict, the defendant Grohman moved for judgment notwithstanding the verdict on the first issue, and both he and Wark moved for judgment n.o.v. as to the second and third issues relating to punitive damages. Wark did not contest the jury's award of $1,000.00 in actual damages. The plaintiff thereupon applied to the court for an order awarding attorney fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The district judge held that Sheriff Grohman was responsible for the actual damages sustained by the plaintiff resulting from Wark's negligent failure to provide him with needed medical attention and, accordingly, denied Grohman's motion on that issue. Grohman has not appealed from this ruling. The district judge, however, set aside the jury verdict on the punitive damages issue, granted defendants' motion for judgment notwithstanding the verdict, and denied the plaintiff's petition for attorney fees. The plaintiff has appealed.

In setting aside the verdict for punitive damages, the district court concluded that the negative verdict in the first trial on the constitutional issue precluded any recovery of punitive damages against either defendant, and that the punitive damages issue had been improvidently submitted to the second jury. In reaching this conclusion, the district court applied the doctrine of collateral estoppel, observing that "substantially the same issue" had been answered in favor of the defendants in the former trial. In our opinion the application of collateral estoppel was inappropriate in this case since the issues submitted to the two juries lacked the identity necessary to bring the doctrine into play. The controlling principle was stated by Judge Hufstedler in *Haung Tang v. Aetna Life Insurance Company*, 523 F.2d 811, 813 (9 Cir. 1975):

> The doctrine of collateral estoppel is based on the "policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy." (*Bernhard v. Bank of America* (1942) 19 Cal.2d 807, 811, 122 P.2d 892, 894.) "This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case." (*Jorgensen v. Jorgensen* (1948) 32 Cal.2d 13, 18, 193 P.2d 728, 732.) The first policy is not fulfilled and the doctrine is inapplicable, unless the issue raised and decided in the prior adjudication is identical to the issue in the current litigation. (*People v. Taylor* (1974) 12 Cal.3d 686, 691, 117 Cal.Rptr. 70, 73, 521 P.2d 622, 625; *Bernard v. Bank of America, supra*, 19 Cal.2d at 813, 122 P.2d at 895.)

■ The issue answered by the jury in the first trial was as follows:

6. Did the defendant Wark violate the constitutional rights of the plaintiff by acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs of the plaintiff?

ANSWER: No.

As heretofore noted, the issue submitted to the jury at the second trial, and which it

answered in the affirmative, was whether "the conduct of the defendant Wark [was] malicious, wanton and oppressive as alleged in the complaint?" Referring to these two issues, the district court felt it "inconceivable that the jury could have found the conduct of defendant Wark 'malicious, wanton and oppressive' after having failed to find that his acts or omissions were sufficiently harmful to evidence deliberate indifference to serious medical needs of the plaintiff." This analysis by the district court, however, ignores the fact that there was a marked difference in the issues submitted to the two juries. As we have noted, the charge of the court and the issue submitted to the first jury on the constitutional issue carefully tracked the language in *Estelle*. The *Estelle* "standard is two–pronged. It requires deliberate indifference on the part of prison officials *and* it requires the prisoner's medical needs to be serious." (Emphasis added.) *West v. Keve*, 571 F.2d 158, 161 (3 Cir. 1978). The negative answer of the jury on the constitutional issue could mean either that it found no deliberate indifference on the part of Wark, or that, despite Wark's deliberate indifference Haywood's medical needs were not sufficiently serious to reach the level of a constitutional violation under the Eighth Amendment. It is, of course, impossible to discern whether one, or the other, or both, of these considerations influenced the first jury in its answer on this issue. As the Court stated in *Hoag v. New Jersey*, 356 U.S. 464, 472, 78 S.Ct. 829, 835, 2 L.Ed.2d 913 (1958):

> [W]e would have to embark on sheer speculation in order to decide that the jury's verdict at the earlier trial necessarily embraced a determination favorable to the petitioner on the issue of "identity." In numerous criminal cases both state and federal courts have declined to apply collateral estoppel because it was not possible to determine with certainty which issues were decided by the former general verdict of acquittal.

While this observation was, of course, made in the context of a criminal case, it is equally appropriate in a civil action such as the one presently before us. Since the verdict on the constitutional issue in the first trial was not dispositive on the issue of punitive damages, the verdict of the jury on this issue in the second trial should be reinstated.

■ While the plaintiff is entitled to the award of punitive damages against Wark, we do not think that Sheriff Grohman should be held responsible for such damages. There was no evidence that Grohman participated in, authorized or ratified Wark's misconduct. While the North Carolina courts have apparently had no occasion to consider this question, we agree with the district judge that on the record in this case an award of exemplary damages against the sheriff would be inappropriate.

■ Finally, Haywood contends that he was entitled to recover attorney's fees under 42 U.S.C. § 1988, as amended, which provides that the court "may allow the prevailing party * * * a reasonable attorney's fee as part of the costs." The district court concluded that the plaintiff was not a "prevailing party" since he had failed to recover on his claim under section 1983. Haywood contends that this was error and relies upon a number of cases in which attorney's fees were allowed despite the fact that recovery was based on a pendent claim rather than the constitutional issue. *See, e. g., Lund v. Affleck*, 587 F.2d 75 (1 Cir. 1978); *Tyler v. "Ron" Deputy Sheriff, etc.*, 574 F.2d 427 (8 Cir. 1978); *Seals v. Quarterly County Court, etc.*, 562 F.2d 390 (6th Cir. 1977). In those cases, however, despite the presence of a substantial constitutional claim, the trial court had elected to dispose of the case on the statutory or nonconstitutional grounds of the pendent claim rather than address the constitutional question. Concededly, the legislative history of the Fees Act supports the award of fees in such circumstances where the trial court has declined to pass upon the constitutional claim. H.R.Rep.No. 95–1558, 94th Cong., 2d Sess. 4 n. 7 (1976). However, we find nothing in the statute, the legislative history, or decisions on the subject which would require or justify an award of attorney's fees in a case where the plaintiff has lost on the constitutional issue after a plenary trial. Accordingly, the denial of fees in this case was proper.

In the light of the foregoing, the order of the district court setting aside the award of punitive damages against Wark is reversed. Otherwise the order appealed from is affirmed and the case is remanded for the amendment of judgment in accordance with this opinion.

*AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.*