## U.S. ALUMINUM CORP./TEXAS, Plaintiff,

v.

## ALUMAX, INC., Defendant.

### No. C–84–5995 SAW.

United States District Court, N.D. California.

June 12, 1986.

Paul Vapnek, Townsend and Townsend, San Francisco, Cal., for plaintiff.

M. Laurence Popofsky, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

WEIGEL, District Judge.

Defendant moves the Court for an order dismissing plaintiff's case, or, in the alternative, for an order granting summary judgment in defendant's favor. The Court has considered the briefs, arguments of counsel and the entire record in this matter.

Prior to its filing of this suit, plaintiff, U.S. Aluminum Corp./Texas (US Aluminum), successfully defended against a patent infringement suit brought by Howmet Aluminum, Inc. During the litigation, Howmet was bought by Alumax, Inc., defendant herein ("Alumax" is hereinafter used to refer to both Howmet and Alumax). At trial, US Aluminum sought to recover its attorneys' fees under 35 U.S.C. § 285, which provides for recovery of attorneys' fees by the prevailing party in a patent infringement action in "exceptional cases."

The trial court in the patent action awarded fees because, *inter alia,* Alumax repeatedly changed its legal position during the litigation and because certain affidavits filed by Alumax in opposition to US Aluminum's summary judgment motion were not based on personal knowledge, and so were filed in bad faith. The Federal Circuit reversed, holding that it could not be said that the affidavits were not made on personal knowledge, and that Alumax's shifting legal theories did not *ipso facto* lead to the conclusion that the litigation was conducted in bad faith. The circuit court did not address the other grounds discussed in the trial court's oral findings and conclusions, but concluded that the trial court's determination that the action was brought in bad faith was "clearly erroneous."

After the Federal Circuit's decision, plaintiff filed this action for malicious prosecution.* Defendant claims that plaintiff is collaterally estopped from asserting Alumax's bad faith and so moves to dismiss or, in the alternative, for summary judgment. This motion raises two major questions. First, the Court must determine what plaintiff's burden of proof will be at trial. Second, if the burden is one of clear and convincing evidence, the Court must decide whether the "issue" of Alumax's bad faith was decided in defendant's favor in the patent litigation.

Plaintiff's normal burden of proof in a malicious prosecution case is a preponderance of the evidence. *Kincaid v. Sears, Roebuck & Co.,* 259 Cal.App.2d 733, 66 Cal.Rptr. 915 (1968). In order to recover attorneys' fees in a patent infringement case pursuant to 35 U.S.C. § 285, the prevailing party must establish bad faith by clear and convincing evidence. *Reactive Metals and Alloys Corp. v. ESM, Inc.,* 769 F.2d 1578 (Fed.Cir.1985). Plaintiff's failure to sustain the higher burden in the patent action cannot estop him from attempting to demonstrate his theory under the lower standard. *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972); *Peterson v.*

---

* Plaintiff filed a similar action in this Court prior to the Federal Circuit's ruling. That action included a claim for malicious prosecution joined with two other claims. The malicious prosecution claim was dismissed without prejudice. The other causes of action were dismissed with prejudice.

*Clark Leasing Corp.*, 451 F.2d 1291 (9th Cir.1971) (per curiam).

But defendant argues that when the action underlying a malicious prosecution case was for patent infringement, a plaintiff must be held to the standard of proof dictated by § 285. The logic of defendant's argument is that Congress' purpose in requiring the higher standard of proof under § 285 would be frustrated if a party could recover not only attorneys' fees, but non-monetary and punitive damages as well, by bringing a suit for malicious prosecution and being held only to proof by a preponderance of the evidence. Plaintiff has stipulated that the higher standard is appropriate.

The remaining problem is to determine the specific issue that was decided in the first litigation. Defendant contends that the question of bad faith was resolved. Plaintiff responds that the Federal Circuit's "narrow holding" should be limited to the factual propositions explicitly resolved therein. US Aluminum further states that there are a number of relevant factual allegations that were not resolved by the appellate court. Taken *in toto*, plaintiff claims these facts establish Alumax's bad faith.

Plaintiff attempts to avoid collateral estoppel by "splitting" the "ultimate issue" of Alumax's bad faith into its component factual parts. Although all of the facts plaintiff now urges in support of its malicious prosecution action were known at the time of the first trial, plaintiff contends that they were not all considered by the trial court or the appellate court. It is not clear whether this would be because plaintiff did not call all of these facts to the courts' attention or the courts simply did not pass on all of the questions before them.

■ Plaintiff cannot escape collateral estoppel by failing to raise all of his contentions during the first litigation. His "failure to litigate an issue actually raised as extensively as possible does not bar estoppel." *Los Angeles Unified School Dist. v.*

*Los Angeles Branch of the NAACP*, 714 F.2d 935, 945 (9th Cir.1983).

■ If plaintiff did present all of the facts supporting its claims of bad faith to the trial court in the earlier litigation, collateral estoppel will apply only to the "issue" actually decided. *United States v. Roux*, 437 F.2d 209 (9th Cir.1971). The Restatement (Second) of Judgments, § 27 comment c, sets out four factors to consider in deciding whether the "issue" in this suit and the patent action are the same. The factors are: (1) the overlap of evidence and argument between the two issues; (2) whether the new evidence and argument requires the application of new rules of law; (3) whether pretrial preparation in the first case would have disclosed to the parties the matter being litigated in the second action; and (4) the closeness of the claims. *See also Starker v. United States*, 602 F.2d 1341, 1344 (9th Cir.1979) (applying this test).

■ Applying the Restatement test, plaintiff is estopped from litigating the issue of bad faith. The evidence and arguments in the case at bar are identical with the ultimate issue resolved in the patent litigation, and the same legal standards apply. At the trial of the patent action, plaintiff was surely aware that a malicious prosecution action might lie in the future. Finally, the elements for recovery under § 285 are virtually identical to the elements of a *prima facie* case for malicious prosecution.

Wright and Miller have noted that the doctrine of collateral estoppel is most appropriately applied in those cases in which a party seeks to advance new arguments regarding facts fixed at the time of the first litigation. 18 Wright & Miller, *Federal Practice and Procedure*, § 4417, p. 158. *See also Akron Presform Mold Co. v. McNeil Corp.*, 496 F.2d 230 (6th Cir.1974), *cert. denied*, 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974). The facts alleged by plaintiff in this suit were all on the record at the time of the first trial and were considered by the trial court in making its findings.

Plaintiff asserts that the appellate court's narrow language in its opinion reversing the trial court on the issue of recovery of attorneys' fees, limits the effect of collateral estoppel. However, the Federal Circuit, by reversing but not remanding the trial court's holding, implicitly passed on the entire record and the facts therein supporting the trial court's judgment. *Bose Corp. v. Consumers Union of the United States, Inc.*, 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984). By doing so, the appellate court effectively and finally disposed of the entire issue of Alumax's bad faith.

Because all the relevant facts are before the Court, summary judgment, rather than dismissal, is appropriate. Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted, and judgment shall be entered in its favor.