**U.S. ALUMINUM CORPORATION/TEXAS, a corporation, Plaintiff-Appellant,**

v.

**ALUMAX, INC., a corporation, Defendant-Appellee.**

No. 86–2289.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 1987.

Decided Nov. 3, 1987.

As Amended Nov. 25, 1987.

---

John J. McCauley, Daniel L. Rasmussen, Paul, Hastings, Janofsky & Walker, Costa Mesa, Cal., for plaintiff-appellant.

M. Laurence Popofsky, San Francisco, Cal., for defendant-appellee.

Before SNEED, ALARCON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

U.S. Aluminum Corporation sued Alumax, Inc. for malicious prosecution. The district court granted Alumax's motion for summary judgment on the ground of collateral estoppel, 636 F.Supp. 441, and Aluminum appealed. We review the district court's entry of summary judgment *de novo*. *Fagner v. Heckler*, 779 F.2d 541, 543 (9th Cir.1985). We reverse and remand for further proceedings.

## FACTS AND PROCEEDINGS BELOW

In the first lawsuit, Aluminum successfully defended a patent infringement action brought by Alumax's subsidiary Howmet Aluminum Corp. The district court awarded attorneys fees to Aluminum under section 285 of the federal patent law. 35 U.S.C. § 285. On appeal the Federal Circuit rejected appellant's contention that Alumax had prosecuted that action in bad faith and reversed on the attorneys' fees issue.

Aluminum then brought the present action, a suit for malicious prosecution, against Alumax. Alumax filed a motion for summary judgment. The district court granted the motion on the ground that Aluminum was collaterally estopped from litigating a necessary element of its claim. The district court explained that a malicious prosecution claim, at a minimum, requires a showing of bad faith. Aluminum would not be permitted to prove Alumax's bad faith, however, because the Federal Circuit had previously found that Alumax had not acted in bad faith. Aluminum raises three issues to challenge the application of collateral estoppel: (1) the standard of proof of bad faith in the patent infringement suit was higher than the standard appropriate for a malicious prosecution claim; (2) there was an inadequate opportunity to conduct discovery on the bad faith issue in the patent infringement action; and (3) the federal circuit's finding of no bad faith did not resolve the same issue presented by the malicious prosecution claim.

## DISCUSSION

### A. *Burden of Proof*

Collateral estoppel may be applied against Aluminum on the issue of good faith only if that issue was litigated in the previous action under the same or a less rigorous standard of proof than that required in the present action. *One Lot Em-*

*erald Cut Stone v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972) (per curiam). In the previous action brought by Alumax, Aluminum was required to prove bad faith by clear and convincing evidence in order to establish its claim for attorneys' fees. *Reactive Metals & Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1582 (Fed.Cir.1985). If Aluminum is required to prove malice in the malicious prosecution action by a mere preponderance of the evidence, then there can be no issue preclusion under the rule established in *One Lot Emerald Cut Stone.*

At the hearing on Alumax's motion for the summary judgment now under review, Aluminum's former counsel stipulated that it must prove bad faith by clear and convincing evidence to establish malicious prosecution. Aluminum now contends that the malicious prosecution action brought under state law requires the plaintiff to establish malice by a mere preponderance of the evidence. *See e.g. Kincaid v. Sears, Roebuck, & Co.*, 259 Cal.App.2d 733, 739, 66 Cal.Rptr. 915, 919 (1968).

■ We must decide, first, whether we are bound by Aluminum's stipulation below. Ordinarily courts are bound by the stipulations of the parties. Appellate courts are not bound, however, by stipulations as to the substance of law. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1477 n. 1, *modified* 810 F.2d 1517 (9th Cir.1987). In *Dimidowich*, both parties entered into a stipulation of law and the district court made its determination consistent with that stipulation. On appeal the parties continued to rely on that stipulation. Nevertheless, we held that we could not be bound by an erroneous stipulation of law "regardless of what the parties say the law might be." *Id.* at 1477. We conclude that the same principle applies here, and that the stipulation by Aluminum's former counsel is of no effect.

We are left, then, with the task of determining the appropriate burden of proof in this case. We agree with Aluminum that under the California law of malicious prosecution, malice ordinarily need be proved only by a preponderance of the evidence. *See Kincaid v. Sears, Roebuck & Co.*, *su-*

*pra*. Indeed, Alumax does not seriously dispute that proposition. Instead, Alumax argues that we should require a higher standard of proof in this type of case in order to prevent the state law cause of action from interfering with the objectives of the federal patent law. In so arguing, Alumax relies heavily on our decision in *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986 (9th Cir.1979), *cert. denied*, 444 U.S. 1025, 100 S.Ct. 688, 62 L.Ed.2d 659 (1980).

*Handgards* was an antitrust action brought by a plaintiff who alleged that the defendant had monopolized the relevant market by bringing a series of patent infringement actions in bad faith. The trial court instructed the jury that bad faith in bringing the patent actions need only be established by a preponderance of the evidence. We reversed, holding that the jury should be instructed that a patentee's infringement action is presumed to be brought in good faith, and the presumption can only be rebutted by clear and convincing evidence. *Id.* at 996. Our decision stemmed from the "complex interaction" of the patent law and the antitrust law, a matter of continuing concern to courts and commentators. *Id.* at 992. To protect the right of patentees to test the validity of their patents in infringement suits, we erected a barrier to antitrust suits, with their treble damages, "to provide reasonable protection for the honest patentee who brings an infringement action to protect his legal monopoly." *Id.* at 996. Thus the good-faith patentee was protected from the too-easy retrospective finding by a jury in a later antitrust case that his unsuccessful patent infringement suit had been brought in subjective bad faith. *See id.* at 993.

■ Alumax argues that we should protect patentees from state malicious prosecution actions in the same manner that we protected them from the antitrust laws in *Handgards*. Despite the surface appeal of that argument, we reject it. First, we do not find here the same kind of interrelationship that exists between the patent laws and the antitrust laws. Patents confer a legal monopoly; the ground they occupy is necessarily carved out of that oth-

erwise occupied by the antitrust laws. In areas where each law potentially extends, to broaden the coverage of one law necessarily interferes with the policies behind the other. Proper adjustment of the tension between the two is a continuing and delicate exercise that has long engaged the federal courts. *Id.* at 992.

While we do not deny that conflict is possible between state malicious prosecution laws and federal patent laws, the policies underlying each are not inherently antithetical. Patents do not create an exemption from state malicious prosecution laws. Indeed, the balance we reached in *Handgards* between the rights of suing patentees and their defendants presupposed the continued existence of state law remedies for bad faith suits: "nothing appears to preclude a successful defendant in an infringement action from bringing a common law malicious prosecution claim" *Id.* at 998 n. 17.

Finally, we must recognize that one of the reasons that we found it necessary in *Handgards* to protect patentees from antitrust actions was that they posed the threat of treble damages. *Id.* at 993. The chilling effect of that potential remedy upon the good faith actions of patentees is far greater than that posed by the enforcement of state malicious prosecution laws.

For all of these reasons, we decline to extend the rule of *Handgards* to this California malicious prosecution action. Aluminum's burden in this action is to establish malice by a preponderance of the evidence. Consequently, Aluminum is not collaterally estopped by its failure to establish, in the previous litigation, bad faith by clear and convincing evidence.

### B. *Identity of the Issues and Opportunity for Discovery*

Aluminum contends that collateral estoppel is inappropriate for two additional reasons. First, the element of "exceptional circumstances" in the previous patent action is not identical to the element of malice in the malicious prosecution action. Collateral estoppel requires that the estopped issue be identical to an issue litigated in a previous action. Second, the previous patent action did not provide an opportunity for appellant to conduct full discovery on the question of appellee's malice in bringing that action. Differences in discovery procedures may justify "not allowing a prior or judgment to have estoppel effect in a subsequent action, even between the same parties." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 n. 15, 99 S.Ct. 645, 651 n. 15, 58 L.Ed.2d 552 (1979). Alumax contends that this latter claim fails because Aluminum did not raise the issue in the district court below and because in the previous action Aluminum did not request (1) a bifurcated trial, (2) additional discovery relevant to section 285, and (3) information from the appellee directly. We need not reach any of these issues in view of our ruling that the burdens of proof are different.

REVERSED AND REMANDED.