20929

Jimmy L. MARTIN, Respondent, v. CAROLINA WATER SER-VICES, INC., an affiliate of Utilities, Inc. and Millard D. Shriver, Defendants, of whom Carolina Water Service, Inc., is Appellant.

(254 S. E. (2d) 52)

*George S. King, Jr.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, *for appellant.*

*Jonathan R. Hendrix,* of *Walker, Hendrix & Williams,* Lexington, *for respondent.*

April 5, 1979.

LITTLEJOHN, Justice:

The plaintiff, Jimmy L. Martin, was the owner of all of the outstanding stock of Marville Water Company, which owned a water and sewer system. He entered into an agreement to sell the company, by transferring its stock, to the defendant, Carolina Water Services, Inc. The consideration for the sale was, among other things, $110,000.00 in cash plus an agreement that Carolina Water Services, Inc.

". . . will not charge or collect any water or sewer connection or tap-on fees from sellers, developers, or utility customers within the territory."

This action is brought for the purpose of enforcing the contract.

The complaint in pertinent part, alleges:

"5. That as a part and parcel of the consideration for the Plaintiff's transferring certain water and sewer facilities to the Defendant corporation, it was agreed by and between the Plaintiff and the Defendant corporation that the Defendant corporation would not charge or collect any water or sewer connection or tap-on fees from the Plaintiff, developers or utility customers within the territory serviced by the Defendant corporation.

"6. That this contract was entered into, upon information and belief, before it became the practice for the Public Service Commission of South Carolina to approve any such contracts and, therefore, the Plaintiff is informed and verily believes that this contract is outside the scope of the Public Service Commission's authority to regulate.

"7. That in direct violation and breach of the aforementioned contract, the Defendant corporation is presently attempting to charge the Plaintiff and other customers within the Defendant corporation's territory certain connection fees."

The prayer for relief asks both money damages and a permanent injunction from collecting the connection fees and from refusing water or sewer services because of the nonpayment of said fees.

The defendant demurred on the ground that the court of common pleas lacked subject matter jurisdiction in that the complaint deals with the fixing of rates and charges for a public utility, and the exclusive right to regulate such has been vested in the South Carolina Public Service Commission by § 58-5-210, *Code of Laws of South Carolina* (1976). The

demurrer was overruled. The defendant has appealed. We affirm.

The question submitted by counsel, in his brief, for review by this court is as follows:

"Does the Circuit Court have original jurisdiction to determine what rates and charges may be made by a regulated public utility?"

We are of the opinion that the real issue involved in this action is not whether the court of common pleas has jurisdiction to determine rates, but rather whether it has jurisdiction to enforce the payment of the compensation defendant agreed to pay for the property it bought. At the time of the purchase, the water and sewer system was not regulated by the Public Service Commission, and the fact that it came to be regulated at a later date would not divest the plaintiff of his right to collect the consideration which the defendant contracted to pay. A part of that consideration was cost free tap-on connections.

The defendant has also appealed from the granting of a temporary injunction without a finding by the judge that the plaintiff will suffer irreparable injuries during the pendency of the action if the temporary injunction were not granted. Irreparable damages are, in essence, alleged. The complaint is not verified, nor supported by affidavits. A bond in the amount of $10,000.00 was required as a prerequisite of the injunction. Neither the record nor the agreed statement shows what was before the judge as a basis for his ruling. Nor does it appear that objection to the unverified complaint was made in the court below. The order of the lower court is presumed to be correct. There is nothing in the record before us to overcome that presumption. All exceptions are overruled, and the lower court is

Affirmed.

Lewis, C. J., and Ness, Rhodes and Gregory, JJ., concur.