Richard L. BANE, Harold R. Chambers, John E. Dennis, Bruce D. Ingle, Phillip T. Ott, and Clyde J. Ballington, Plaintiffs,

v.

The CITY OF COLUMBIA: Graydon V. Olive, Jr., Individually and as City Manager of the City of Columbia, South Carolina; William R. Cauthen, Individually and as Chief of Police of the City of Columbia, South Carolina; Robert A. Wilbur, Individually and as Inspector with the Police Department of the City of Columbia, South Carolina, Defendants.

Civ. A. No. 77–2018.

United States District Court, D. South Carolina, Columbia Division.

May 23, 1979.

Robert E. Kneece, Columbia, S. C., for John E. Dennis and Richard L. Bane.

Bruce D. Ingle, pro se.

Stanley G. Freeman, Columbia, S. C., for Phillip T. Ott.

J. C. Coleman, Columbia, S. C., for John E. Dennis, Richard L. Bane and Clyde Ballington.

Steve T. Savitz, Julian Gignilliat, Roy D. Bates, City Atty., Columbia, S. C., for defendants.

## ORDER

HEMPHILL, District Judge.

This matter is before the court on the parties' cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs, all police officers of Columbia, instituted this action under 28 U.S.C. § 1343(3), 28 U.S.C. § 2201 and 42 U.S.C. § 1983, alleging a deprivation of their constitutional right to due process and seeking a declaratory judgment that the administrative acts, customs and policies of the defendants, relative to the suspensions of the plaintiffs, violate the Fourteenth Amendment guarantee of due process. Plaintiffs assert that the procedures which resulted in their dismissals failed to give them adequate notice of the charges and failed to require a timely hearing. Plaintiffs also allege that the tribunal was biased, that his decision disregarded the sufficiency of the evidence and that the burden of proof should not have been placed on the suspended employees. This court has been provided with the pleadings

and affidavits of the parties, all of which indicate the material facts are not in dispute and that this case is ripe for resolution at the summary judgment stage. After due consideration of the pleadings, affidavits and case law, this court is of the opinion that summary judgment should be granted in favor of defendants.

This action concerns three police officers of the City of Columbia[1], who commenced suit on October 10, 1977, after being relieved of their duties following a departmental investigation. At the time of their suspensions, the verified complaint alleges that Bane had 11 years of service, Dennis had 20 years, and Ott had served for 9 years. In their affidavits, plaintiffs state that each has been classified as a permanent employee, as the term is used in the municipal employees' handbook, and further allege an understanding and belief on their part that they are entitled to remain with the City until dismissed for cause. No plaintiff has alleged any understanding or contract other than the usual contract for an indefinite period which is typical of public employment.[2] However, the court's attention has been directed to a handbook which is distributed to municipal employees entitled, "Your Career with the City of Columbia." The section on dismissals states

that a department head may dismiss any permanent employee for cause, and that the employee shall be informed of the specific causes for dismissal and given a reasonable time to reply thereto. This handbook was first distributed in or around 1975, making it in effect a publication of the City's employment practices as of the time of the dismissal in September and October of 1977.

In the course of an investigation into practices of the Investigative Division of the Department, Inspector Robert A. Wilbur, second-in-command under Chief Cauthen, came to the conclusion that the officers' conduct warranted dismissal from the force. The suspensions, and the investigation which preceded them, were heavily publicized and the subject of much speculation in the local media, but the only official comment from the City or the Police Department was a short announcement of the suspensions. The Department, in an effort to keep the matter confidential, (affidavit of Robert A. Wilbur) did not include the nature of the offenses in the announcement, nor have plaintiffs alleged any breach of confidentiality by defendants.

Each plaintiff was notified of his suspension by letter from Wilbur, setting out in general terms the charges[3] against them.

1. Bane, Dennis, and Ott have been parties to this suit since its inception. Harold R. Chambers was an original party who has since returned to fulltime duties with the Department and will not be considered in this opinion. Clyde J. Ballington was joined as a party plaintiff pursuant to Rules 19(a) and 20 of the Federal Rules of Civil Procedure, but was never suspended from the force and will not be considered in this Order since he has continued to work as a fulltime employee with the Department. Bruce D. Ingle has written a letter asking to be dismissed from the suit with prejudice.

2. § 3–3 of The Code of Ordinances for the City of Columbia, South Carolina, states:
"The City Manager shall appoint, and when necessary for the good of the City, remove appointive officers of employees of the City . . . except as otherwise provided by law, and except as he may authorize the head of a department or office to appoint and remove subordinates in such department or office."

3. Mr. Ott was charged as follows:
1. Improper possession and transportation of marijuana and/or narcotics to the scenes of searches and/or arrests; and fabrication of evidence (heroin) at the scenes of searches and arrests.
2. Directing a subordinate to fabricate evidence (heroin) at the scene of a search and/or arrest.
Mr. Bane was charged with:
1. Improper possession and transportation of marijuana and/or narcotics to the scenes of searches and/or arrests and fabrication of evidence (marijuana) at the scenes of searches and arrests.
2. Improper disposition of evidence.
3. Improper accounting of funds for payment of informants. The charges against Mr. Dennis were as follows:
1. Instructing a subordinate to release an arrested person who had committed a violation and directing the substitution of a person who had not committed the violation.

Plaintiffs elected to pursue their administrative remedies, requesting a hearing before the City Manager, Graydon V. Olive, who responded by letter setting out the procedures to be followed at the hearing. Mr. Ott's appeal was heard on October 25, 1977, at which time, represented by counsel, he was allowed to testify, to call witnesses of his own, and to cross examine the department's witnesses.[4] All testimony was given under oath and a record was made by a court reporter. The procedures for the other two officers were identical. In each of these cases, the officers were notified by letter a week in advance, of the details of the charges against them. The officers were represented by counsel during the lengthy hearings. The findings of the tribunal in each case was that the officers should be dismissed for the good of the City.

■ In order to trigger the due process protections upon which plaintiffs seek to rely, one must possess a right cognizable as a "liberty" or "property" interest under the Fourteenth Amendment. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiffs have made allegations of both a property and a liberty interest. They allege their property interest consists of a right to continued employment unless dismissed for cause. The liberty interest alleged is that their reputations have been damaged by the suspensions and official silence following a highly publicized investigation.

■ Where the claim is that one has been deprived of a property interest, a "mere subjective expectancy" of continued employment is not sufficient to give rise to constitutional scrutiny of the procedures employed by the City. *Perry v. Sinder-*

*mann,* 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). To be entitled to relief under the Due Process Clause, plaintiffs must establish a "legitimate claim of entitlement," *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), to employment with the City. Other Supreme Court decisions have phrased the standard somewhat less vaguely as, "an enforceable expectation of continued public employment." *Perry v. Sindermann, supra; Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

■ In making the determination of the existence of a property right, the Supreme Court has ruled that a public employee's property interests are not limited to formal tenure or contract rights. In *Perry v. Sindermann, supra,* the Court held that a teacher employed for a number of years at the same institution, should be permitted to show that a *de facto* system of tenure existed where no explicit system of tenure was provided. The Court reasoned that property interests subject to due process protection are not limited by a few rigid, technical forms, but can be secured by existing rules or understandings. As a general rule of contracts law, explicit contractual provisions may be supplemented by other agreements implied from the promisor's words and conduct in the light of surrounding circumstances.

■ In the present case, the officers have served with the Columbia Police Department for periods ranging from nine to twenty years. When hired, an employee's term of service remains indefinite. Furthermore, under state law, the City Manager is empowered to dismiss employees "for

2. Informing the subject of a search warrant, in advance of its service and enforcement, that the warrant had been issued.

3. Improper storage, accounting and disposition of evidence and other property.

4. Causing the return of a properly confiscated illegal firearm to the person from whom it was obtained.

5. Interrogation of a suspect in the presence of an unauthorized person.

6. Destruction of private property.

7. Physical abuse of animals.

4. Ott called 10 witnesses and cross-examined the department's witnesses extensively. His hearing lasted approximately 6 hours. Bane called 6 witnesses and cross-examined extensively, with the hearing running almost 12 hours. Dennis' hearing lasted approximately 3 hours during which he called 6 witnesses and cross-examined thoroughly.

the good of the municipality." [5] Unless, the statutory scheme is modified in some way, the state provides only for "at will" employment of city employees, *Orsini v. Trojan Steel Corp.*, 219 S.C. 272, 64 S.E.2d 878 (1951); *Witte v. Brasington*, 125 F.Supp. 784 (E.D.S.C.1952), which fails to meet the due process standard of "an enforceable expectation of continued public employment."

█ A practice in recent years for the City of Columbia has been to issue an employment handbook to all employees, which details the City's personnel practices. The section on dismissals on page 12, reads as follows:

### DISMISSALS

Dismissals are discharges or separations made for delinquency, misconduct, inefficiency, or inability to perform the duties of a position satisfactorily. A department head may dismiss any probationary or permanent employee for cause. Permanent employees shall be informed of the specific cause or causes for their dismissal by the department and shall be allowed a reasonable time to reply thereto in writing. The reason and the reply will be filed with the Personnel Director.

Since the officers have served over one year, they are considered permanent employees and are entitled to the protections cited above. For by distributing this pamphlet to its employees, the City has impliedly modified its unwritten employment contract. The general rule of law is that contracts need not be express, but that acts which clearly express an intent to be bound will give rise to liability where all of the elements of contract formation are present. See 17 C.J.S. *Contracts*, § 4. South Carolina recognizes the existence of implied agreements. *Miller v. Creyon*, 2 Brev. 108 (1806); *Burden v. McElhenny*, 2 Nott. & McC. 60 (1819); *Sloan v. Whitlock*,

13 Rich. 174 (1861). The distribution of the above language to employees gives rise to the inference that the City intends to be bound by what it has stated. It can also be assumed by this acquiescence and lack of objection, that the employees wish this to be binding. Further, since the employees are entitled to resign at any time but have continued to work after receiving the handbook, this court has no trouble in finding consideration. Since the elements of contract are present, the agreement is binding.

█ The question becomes, what protection does this language offer. The officers were terminated by the City Manager, who has the power to dismiss for the good of the City. The quoted language applies only to department heads, and there is nothing to indicate that the City Manager intended to relinquish his authority. The handbook language serves only to protect employees from arbitrary actions by their immediate superior and department head, and was not intended to deprive the chief executive officer of the City of the authority to act in whatever way he sees necessary for the good of the City.

█ This court does not read § 5–13–90, S.C.Code of Laws, 1976, anno. or its counterpart, § 3–3 of the Code of Ordinances for the City of Columbia, South Carolina, as compelling a different result. These sections authorize the City Manager to delegate the power to hire and fire, a necessary delegation in a city the size of Columbia. Nothing appears in those sections which would prohibit the arrangement established by the City in this case.

In *Bishop v. Wood, supra,* the Supreme Court deferred to a state court decision which interpreted a North Carolina employment statute. Although not binding on this court, the Order of the Honorable Walter J. Bristow, Jr., Circuit Judge for the Fifth

---

5. § 5–13–90 of the Code of Laws, 1976, reads:

The manager shall be the chief executive officer and head of the administrative branch of the municipal government. He shall be responsible to the municipal council for the proper administration of all affairs of the municipality and to that end, subject to the provisions of this chapter, he shall:

(1) Appoint, and when necessary for the good of the municipality, remove any appointive officer or employee of the municipality . . . except as he may authorize the head of a department or office to . . . remove subordinates in such department or office.

Judicial Circuit, is entitled to great weight since this is the first opportunity for a state court to determine the existence of a property interest under the law of South Carolina. In a case involving identical circumstances, *Gambrell v. City of Columbia,* (File # 77–CP–40–1312, filed December 19, 1978), Judge Bristow held that a City of Columbia police officer has no "property right" in his employment with the City.

Since the decision in *Bishop v. Wood, supra,* there has been no doubt that property interests are created by state law rather than the Constitution. In South Carolina, the common law rule applies that one employed for an indefinite time or by an unwritten contract, has a contract terminable at will. *Orsini v. Trojan Steel Corp., supra; Witte v. Brasington,* 125 F.Supp. 784 (E.D. S.C.1952); *Sams v. Brotherhood of Railway and Steamship Clerks,* 166 F.Supp. 49 (E.D. S.C.1956). Because the officers were employed for an indefinite time, and are subject to dismissal by the City Manager for the good of the City, they do not have "property interests" sufficient to involve the Due Process Clause.

 Plaintiffs assert they had a right to a pre-termination hearing, and that the grant of procedural protections by the City defines the existence of a property right. *Bishop v. Wood, supra,* 426 U.S. at 347, 96 S.Ct. 2074. While this may be a tenable reading of that case, this court does not agree that the officers had a "right" to a hearing before the City Manager. If, in the conscientious discharge of his duties, the City Manager decides to hold a hearing to aid him in his decision, such action does not create a right to such a hearing.

Even if a property right were assumed to exist, plaintiffs' due process claims are without merit. The notice requirements of *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and *Memphis, Light, Gas & Water Div. v. Croft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) were complied with by the initial letter of general charges and the follow-up letter providing the details. Furthermore, plaintiffs failed to object to the notice at the hearing, thereby waiving their objection. *Grimes v. Nottoway County School Board,* 462 F.2d 650 (4th Cir. 1972).

 Plaintiffs also contend that the hearing officer was biased. However, after an opportunity to present affidavits on this matter, plaintiffs failed to provide this court with anything other than hearsay allegations. These allegations are insufficient to raise issues of material fact and must be ignored. *Hanke v. Global Van Lines, Inc.,* 533 F.2d 396 (C.A.N.D.1976); *Elasky v. Pennsylvania R. Co.,* 215 F.Supp. 25 (D.C.Ohio 1962); *Boerner v. United States,* 26 F.Supp. 769 (D.C.N.Y.1939). Were the allegations to be considered, the case of *Hortonville School District v. Hortonville Education Association,* 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976) would not require the removal of the City Manager as a tribunal, due to bias.

Plaintiffs have cited no relevant cases on the issue of burden of proof. *Martin v. Southern Railway Co.,* 240 S.C. 460, 126 S.E.2d 365 (1962) involved a contract where the termination had to be for "cause". No such requirement exists in this case. This court also finds that the City complied with all applicable procedures as required by the decision in *Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). Had the officers been terminated by the Chief of Police, *Vitarelli* might have required a finding of cause. However the Police Department only issued a recommendation, and did not take any final action.

Due to the finding that due process was provided, it is unnecessary to rule on the "liberty" interest argument. However, it should be stated that the City has complied with all practices which would prevent the attachment of a stigma on plaintiffs' reputations. No "liberty" interest appears in this case which would involve the Due Process Clause.

Accordingly, this court having found no issues of material fact, the motion of defendants for summary judgment is granted. This court finds that no liberty or property interests exist, but it also finds that the

**40**

requirements of due process have been fully complied with. Further, Bruce D. Ingle, has asked to be dismissed from this suit with prejudice. There being no reason why his informal motion should not be granted, Ingle is hereby dismissed with prejudice.

AND IT IS SO ORDERED.