0042

Charles R. LINDLER, and Charles R. Lindler Enterprises, Inc., Appellants, v. David BAKER and Lee J. Baker, d/b/a Baker and Baker, and Bush River Utilities, Inc., Defendants, of whom Bush River Utilities, Inc., is Respondent.

(311 S. E. (2d) 99)

Court of Appeals

*Ben T. DeBerry* and *Donald E. Jonas,* Columbia, *for appellants.*

*Jean L. Perrin,* Lexington, *for respondent.*

Jan. 9, 1984.

GOOLSBY, Judge:

The appellants Charles R. Lindler and Charles R. Lindler Enterprises, Inc., operators of the Howard Johnson's Motor Lodge near Interstate Highway No. I-26, seek to enjoin the respondent Bush River Utilities, Inc., from refusing Howard Johnson's sewer service for non-payment of fees. Lindler and Lindler Enterprises also seek a declaratory judgment that they are under no obligation to pay sewer service fees to Bush River.

The complaint alleges a breach of contractual agreements which preclude Howard Johnson's from being charged a sewer service fee. Bush River's demurrer to the complaint was sustained by the lower court upon the ground that the court of common pleas lacks subject matter jurisdiction over the appellants' claim. The lower court viewed the complaint as one that questions the reasonableness of a rate charged by a public utility, which, under Section 58-5-210 of the South

Carolina Code of Laws (1976), is an issue only the South Carolina Public Service Commission (Commission) can determine. Lindler and Lindler Enterprises appeal. We reverse and remand.

According to the complaint, David and Lee J. Baker, who do business as Baker and Baker, have leased, since March 23, 1965, the Howard Johnson's property, which they own, to either the appellants or their predecessors in interest; and under the lease agreement, Baker and Baker are obligated to provide Howard Johnson's with "an adequate sewage disposal system."

The complaint further alleges that Baker and Baker on February 14, 1972, sold and transferred to St. Andrews Services the sewage disposal system provided Howard Johnson's in accordance with the lease; and as a condition of the sale, St. Andrews agreed to "provide sewer service, without tap-on or connection fees and sewer service fees, to the Howard Johnson's Motor Lodge and Restaurant."

The complaint also alleges that Bush River acquired the system on June 11, 1976, and, two and a half years later, submitted a statement to appellants for sewer service to Howard Johnson's and notified them that sewer service to the motel would be discontinued if the bill went unpaid. The bill, the complaint concludes, was paid under protest.

This action followed; and on appeal, the issue is whether the complaint seeks to question the reasonableness of a utility rate or to enforce contractual rights.

We see no meaningful distinction between this case and *Martin v. Carolina Water Services, Inc.*, 273 S. C. 43, 254 S. E. (2d) 52 (1979). There, the seller of water and sewer company stock brought an action alleging that the buyer was attempting to charge customers certain connection fees contrary to an agreement which provided that the buyer would "not charge or collect any water or sewer connection or tap-on fees." 273 S. C. at 45, 254 S. E. (2d) 52. The buyer demurred to the complaint on the ground that the court of common pleas lacked subject matter jurisdiction because the complaint dealt with the fixing of rates for a public utility and Section 58-5-210 of the Code vests the Commission with the exclusive right to regulate utility rates. In affirming the lower court

order which overruled the demurrer, the Supreme Court stated:

> We are of the opinion that the real issue involved in this action is not whether the court of common pleas has jurisdiction to determine rates, but rather whether it has jurisdiction to enforce the payment of the compensation defendant agreed to pay for the property it bought. At the time of the purchase, the water and sewer system was not regulated by the Public Service Commission, and the fact that it came to be regulated at a later date would not divest the plaintiff of his right to collect the consideration which the defendant contracted to pay. A part of that consideration was cost free tap-on connections.

273 S. C. at 46, 254 S. E. (2d) 52.

As in *Martin,* where the record shows the agreement at issue was entered into on October 26, 1973, the agreements in this case predate the regulation which requires contracts affecting sewer rates to have Commission approval. *See* S. C. Code of Laws, Regulations, 103-503 (1976). The question here does not involve the reasonableness of a sewer service rate [*see Carolina Water Service, Inc. v. S. C. Public Service Commission,* 272 S. C. 81, 248 S. E. (2d) 924 (1978)]; rather it concerns who, because of the lease agreement and purchase contract, must bear the expense of sewer service fees regardless of the amount. Certainly the court of common pleas has jurisdiction to enforce the appellants' alleged contractual right to cost-free sewer service. The lower court erred, therefore, in sustaining the respondent's demurrer.

Bush River, however, attempts to have us sustain the demurrer upon a ground which the lower court rejected. The defense of estoppel by prior adjudication, raised below by the demurrer, is asserted here in additional sustaining grounds.

Supreme Court Rule 4, Section 8, permits additional sustaining grounds to be advanced where a lower court judgment is appealed. The purpose of an additional sustaining ground is "to relieve a respondent who, in the trial court, has obtained a judgment giving him all the relief that he sought, from the necessity of appealing from adverse rulings that did not affect the result of the lower court's decision." *Colonial Life &*

*Accident Ins. Co. v. S. C. Tax Commission,* 233 S. C. 129, 140, 103 S. E. (2d) 908 (1958).

While the respondent's additional sustaining grounds 2-4 are proper in the sense that they were presented to the trial court and would, if accepted, lead to the same result which the trial judge reached, we still cannot consider them. The defense of estoppel by prior adjudication is, of course, an affirmative defense which must be pleaded. *See Clifton v. Darlington Finance Co.,* 231 S. C. 672, 100 S. E. (2d) 404 (1957). Where the facts of the prior adjudication do not appear on the face of the complaint, the defense of estoppel by prior adjudication cannot be raised by demurrer. *Id.; see also* Annot., 120 A.L.R. 8, 132-33 (1939). Here facts showing a prior adjudication of the appellants' claim cannot be found among the allegations of the complaint; therefore, it was improper for Bush River to assert the defense of estoppel by prior adjudication in its demurrer. Because the lower court, in this instance, could not properly have sustained the demurrer on the ground of estoppel by prior adjudication, neither can we affirm the judgment on that basis as an additional sustaining ground.

Reversed and remanded.

SHAW and CURETON, JJ., concur.