James D. MILLS, Plaintiff,

v.

Thomas E. LEATH, Individually and as City Manager for the City of Myrtle Beach, J. Stanley Bird, John Barrow, Robert Henniger, Individually and in Their Capacities as Agents, Servants, or Employees of the City of Myrtle Beach, and the City of Myrtle Beach, Defendants.

Civ. A. No. 4:88–2483–15.

United States District Court,
D. South Carolina,
Florence Division.

Nov. 4, 1988.

John R. Clarke and Randall K. Mullins, North Myrtle Beach, S.C., for plaintiff.

Vance J. Bettis, Gignilliat, Savitz & Bettis, Columbia, S.C., for defendants.

## ORDER

HAMILTON, District Judge.

This case arises out of plaintiff's termination from employment as a police officer on June 29, 1988. The matter is presently before the court on defendants' motion to dismiss, Rule 12(b)(6), Fed.R.Civ.Proc., or in the alternative for summary judgment. Rule 56, Fed.R.Civ.Proc. The court has jurisdiction pursuant to 28 U.S.C. § 1331.[1] The court has concluded that defendants' motion for summary judgment should be granted on two of the claims, and the remaining pendent state law claim dismissed without prejudice.

## I. BACKGROUND:

Plaintiff, James Mills, was an employee of the Myrtle Beach Police Department from May 1971 until he was terminated by police chief Stanley Bird on June 29, 1988. Immediately prior to his termination, plaintiff alleges he was directed to issue two speeding tickets during each shift regardless of his other duties or whether said offenses had actually occurred.[2] Apparent-

---

1. Plaintiff initially filed suit in state court on August 31, 1988, and defendants removed under 28 U.S.C. § 1441 on September 23, 1988.

2. This directive apparently was in the form of an inter-office memorandum, which was not explicitly directed to any officer in particular. The memorandum provided:

**INTER–OFFICE MEMORANDUM**
TO: _____ FROM: Lt. Barrow
SUBJECT: Radar operation DATE: 06/27/88
    Officer _____:

My records indicate that you have written only __ speeding cases with radar since being certified. This is very unsatisfactory.

Every officer should be able to write an average of two radar cases per shift and still handle assigned calls.

I expect an immediate increase in your number of daily radar cases, and to maintain a constant higher level of Radar cases per month.

ly, plaintiff had also requested that he be transferred from the traffic division of the police department to other less physically demanding work within the department on grounds that he was "burned out." During the course of these discussions, plaintiff alleges that he told several of his superiors within the police department that he disagreed with the department's minimal ticket writing policy, and was placed on probation as a result. However, plaintiff refused to agree to be placed on probation, and was subsequently terminated from his job. The plaintiff was then granted a hearing before a grievance committee composed of representative employees from the various departments within the city. This committee apparently recommended that plaintiff be reinstated to his job. Nevertheless, the Myrtle Beach city manager, Thomas Leath, rejected the committee's recommendation and upheld plaintiff's termination by the police department.[3]

## II. DISCUSSION:

Plaintiff's complaint asserts multiple claims allegedly arising out of his termination by defendants on June 29, 1988. First, plaintiff alleges under 42 U.S.C. § 1983 (§ 1983) that he was denied the procedural protections of the Due Process Clause of the Fourteenth Amendment. Second, plaintiff's complaint asserts two pendent state law claims: civil conspiracy and wrongful discharge. Defendants have moved for dismissal of all claims or in the alternative for summary judgment.

On a motion to dismiss under Rule 12(b)(6), the motion is treated as one for summary judgment where matters outside the pleadings are presented to and not excluded by the court:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

Rule 56, Fed.R.Civ.Proc.[4]

Under Rule 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Summary judgment is properly granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Moreover, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment: the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

▪ Turning to plaintiff's alleged claim under § 1983, it is well settled that a public employee cannot invoke the procedural protections of the Due Process Clause unless the aggrieved employee can establish that he has been deprived of a liberty or property interest protected by that clause. *Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *Royster v. Board of Trustees of Anderson County School District # 5,* 774 F.2d 618, 620 (4th Cir.1985), *cert. denied,* 475 U.S. 1121, 106 S.Ct. 1638, 90 L.Ed.2d 184 (1986). Unless an employee satisfies this threshold requirement, the Due Process Clause is not implicated by the dis-

---

NOTE: Vehicles clocked with Radar in excess of 5 MPH above the posted speed limit are to be written.

**3.** It is undisputed that the city manager has the authority to reject the recommendation of a grievance committee under South Carolina law. *Dew v. City of Florence,* 279 S.C. 155, 303 S.E.2d 664, 666–67 (1983).

**4.** A hearing was held on the present matter on October 27, 1988, at which time all parties were given a reasonable opportunity to present all material pertinent to the two claims disposed of by this court under Rule 56.

charge. *Id.* at 621; *Bunting v. City of Columbia,* 639 F.2d 1090, 1093–94 (4th Cir. 1981).

Although an employee's abstract desire for or unilateral expectation of continued employment is insufficient to give rise to a constitutionally protected property interest, *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709, *Sabet v. Eastern Virginia Medical Authority,* 775 F.2d 1266, 1269 (4th Cir. 1985), "[a] property interest exists when one has a legitimate claim of entitlement ... arising from such sources as state statutes, local ordinances, and employment contracts." *Bunting,* 639 F.2d at 1093. Plaintiff's employer, the City of Myrtle Beach, has adopted the Council–Manager form of government under state law. S.C.Code Ann. § 5–13–10, *et seq.* Under this form of municipal government, the City Manager:

> shall be the Chief Executive officer and head of the administrative branch of the municipal government. He ... shall:
>
> > (1) appoint and when necessary for the good cause of the municipality, remove any appointive officer or employee of the municipality....

S.C.Code Ann. § 5–13–90(1).[5] Courts have consistently interpreted this provision as providing only for at-will employment of municipal employees. *Bunting,* 639 F.2d at 1093–94; *Bane v. City of Columbia,* 480 F.Supp. 34, 37–39 (D.S.C.1979). Consequently, plaintiff has no claim to a property interest in his employment under state law.

Plaintiff also contends that the *City of Myrtle Beach Personnel Policies and Procedures Manual* in force at the time of his termination gives rise to a constitutionally recognized property interest in his employment. That manual provides in pertinent part:

> It is important to understand that employment with the City of Myrtle Beach is 'at-will.' An employee may leave City employment at his/her own discretion. Likewise, an employee may be relieved of his/her duties at the City's discretion. However, it is the policy of the City to insure that disciplinary actions taken against employees are fair, equitable and consistent in all departments without regard to race, religion, age, sex or national origin.

*Id.* at 18. The court finds this provision clear and unambiguous: the employees of the City of Myrtle Beach are "at-will" employees, and can be terminated at the City's discretion assuming any such actions are not executed in a constitutionally proscribed manner. The last sentence in this provision merely ensures that all personnel decisions are not based on discriminatory considerations, and can in no way be said to alter the clear and unambiguous language conferring at-will status on city employees.

At-will public employees have no property interest in their employment cognizable under the Due Process Clause. *Pittman v. Wilson County,* 839 F.2d 225, 229–30 (4th Cir.1988). Accordingly, it is clear that plaintiff had no property interest in his employment as a police officer for the City of Myrtle Beach.

The Supreme Court has indicated that a constitutionally recognized liberty interest protected by the Due Process Clause arises when an employer, in the course of terminating a public employee, creates and disseminates a false and defamatory impression about the employee in connection with his discharge which might seriously damage his standing and associations in the community or deprive him of future opportunity for employment within his profession. *Roth,* 408 U.S. at 573–75, 92 S.Ct. at 2707–08; *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2979, 48 L.Ed. 2d 684 (1976); *Codd v. Velger,* 429 U.S. 624, 627–28, 97 S.Ct. 882, 883–84, 51 L.Ed. 2d 92 (1977); *Beckman v. Harris,* 756 F.2d 1032, 1038 (4th Cir.1985). To state a valid claim, plaintiff must allege both that the employer created a false and defamatory impression of the reason for the employee's discharge, *Codd,* 429 U.S. at 628, 97 S.Ct. at 884, and that this false impression was publicly disclosed. *Bishop,* 426 U.S. at 348,

---

5. That provision also permits the City Manager to delegate these powers to various department heads under his supervision.

96 S.Ct. at 2979. To give rise to a constitutionally protected liberty interest this false and defamatory impression created by the employer must impute serious character defects to the discharged employee. *Robertson v. Rogers,* 679 F.2d 1090 (4th Cir. 1982). Where plaintiff's liberty interest is infringed, due process requires that he be afforded a hearing to clear his good name. *Roth,* 408 U.S. at 573 n. 12, 92 S.Ct. at 2707 n. 12; *Beckman,* 756 F.2d at 1038.

In *Robertson,* a panel of this circuit concluded that an employer's comment to prospective employers that plaintiff was terminated for "incompetence and outside activities" did not give rise to a protected liberty interest. *Id.* at 1092. Even assuming that the reason given for plaintiff's discharge, "dereliction of duty," [6] establishes the requisite falsity necessary to state a liberty interest claim, plaintiff has failed to establish that defendants ever publicized the reasons for his discharge. Although the reasons for plaintiff's discharge were stated in the letter that was privately transmitted to plaintiff and also were disclosed at the grievance hearing, the record is entirely devoid of any evidence that the reasons for plaintiff's discharge were ever publicly disclosed. In fact, plaintiff's counsel candidly acknowledged during the hearing on this motion that it had no evidence of public disclosure. Consequently, plaintiff's liberty interest claim must fail as a matter of law. Because plaintiff has failed to produce sufficient evidence to create a genuine issue as to whether he was deprived of either a property or liberty interest in his employment, his § 1983 claim must fail as a matter of law. Rule 56(c), Fed.R.Civ.Proc.[7]

Plaintiff next contends that the defendants conspired to terminate his employment with the police department, purportedly establishing a cause of action for civil conspiracy. To support his contention, plaintiff asserts that the aforementioned personnel handbook elevated plaintiff's status above that of an at-will employee. As this court finds as a matter of law that this provision clearly and unambiguously did not alter plaintiff's status as an at-will employee, he is precluded from maintaining an action for civil conspiracy to terminate his employment. *Ross v. Life Insurance Company of Virginia,* 273 S.C. 764, 259 S.E.2d 814 (1979). Accordingly, this court is constrained to grant defendants' motion for summary judgment on this cause of action.

The court's disposition of plaintiff's § 1983 and civil conspiracy claims leaves one remaining state law claim for consideration—plaintiff's wrongful discharge cause of action. In such a case, exercise of this court's pendent jurisdiction is discretionary and not as of plaintiff's right. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed. 2d 218 (1966). Under the *Gibbs* standard, "when the federal-law claims have dropped out of the law suit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, ——, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988) (footnote omitted). This rule, however, is not a mandatory rule to be applied inflexibly, but simply recognizes that the balance of factors a court should consider in exercising its pendent jurisdiction—judicial econo-

---

**6.** It should be noted that other reasons were given for plaintiff's discharge in a letter sent by Captain Bird to plaintiff. In this letter, plaintiff's termination was said to be based on violation of City of Myrtle Beach Personnel Policies and Procedures Manual, Section 9, Paragraph C, Subparagraph 2, Group 3 offenses: a. wanton and willful neglect in the performance of assigned duties, and k. inefficiency in the performance of assigned duties and plaintiff's past performance.

**7.** Even assuming that plaintiff had produced evidence sufficient to establish the existence of each element of his claim, it is not altogether clear that the grievance hearing he was provided was not sufficient to constitute a name clearing hearing. Significantly, plaintiff was instructed by the committee chairman to say whatever he felt like saying when his opportunity to speak came and also had an opportunity to call any witnesses on his behalf. During his testimony, plaintiff never stated that he was discharged for failure to write a certain number of traffic citations. Rather, he stated on at least three occasions during his testimony that he was tired of working in the traffic division—he was "burned out"—and wanted to be transferred to other less physically demanding assignments.

my, convenience, fairness, and comity to state courts—will ordinarily lead a court to decline to exercise jurisdiction over the remaining state-law claims. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

■ Application of the *Gibbs* factors to plaintiff's wrongful termination claim convinces this court that it should decline to exercise its pendent jurisdiction. In short, nothing in the present case requires this court to deviate from the general principle recognized by the Supreme Court in *Carnegie-Mellon* that a federal court should decline the exercise of its pendent jurisdiction over remaining state law claims in a situation like the present case.[8] Accordingly, the wrongful discharge claim is dismissed without prejudice. Rule 41(a), Fed.R.Civ.Proc.

Based on the foregoing analysis and cited authorities, the court grants defendants' motion for summary judgment on the § 1983 and civil conspiracy claims, and dismisses the wrongful discharge claim without prejudice.

IT IS SO ORDERED.

---

**8.** *Carnegie-Mellon* also stands for the proposition that a district court may remand rather than dismiss a removed case involving pendent claims; however, the court concludes that dismissal is more appropriate than remand as exercise of the court's inherent authority to remand, absent statutory authorization, should be used only where the circumstances of the case clearly warrant.