**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-2140

RONALD GEORGE BAILEY-EL,

Plaintiff – Appellant,

v.

HOUSING AUTHORITY OF BALTIMORE CITY; MS. GREEN, Regional Director; KIMBERLY GRAHAM, Director of Human Resources; CARLA WALTON, Current Director of Human Resources; ODYSSEY JOHNSON, Manager; ANTHONY COATES, President of Local 647; AFSME LOCAL 647,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:15-cv-02063-RDB)

Submitted: March 20, 2017                          Decided: April 27, 2017

Before GREGORY, Chief Judge, and WYNN and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Ronald George Bailey-El, Appellant Pro Se. Carrie Blackburn Riley, Baltimore, Maryland, for Appellee Housing Authority of Baltimore City.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald G. Bailey-El appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) (2012). We review an order granting a Rule 12(b)(6) motion de novo. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim." *King*, 825 F.3d at 214 (internal quotation marks omitted). We likewise review a dismissal under § 1915(e)(2)(B)(ii) de novo, utilizing the Rule 12(b)(6) standard. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

We first address whether the statute of limitations bars Bailey-El's First Amendment and procedural due process claims. A district court may dismiss a claim as time barred under Rule 12(b)(6) and § 1915(e)(2)(B)(ii) when the untimeliness of the claim is plain from the face of the complaint. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). Bailey-El's claims were subject to a three-year statute of limitations. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2013); *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014). We agree with the district court that Bailey-El's First Amendment claims related to his termination were barred by the statute of limitations. However, we conclude that the untimeliness of Bailey-El's

2

procedural due process claim related to the denial of a post-termination arbitration hearing was not apparent from the face of the amended complaint. Bailey-El's procedural due process claim may have accrued at least several days after his termination, when he realized that he would not receive the requested arbitration proceeding. *See Owens*, 767 F.3d at 388-89 (recognizing that claim accrues when plaintiff knew or should have known of injury that is basis for claim). Therefore, the district court incorrectly found that the statute of limitations barred Bailey-El's procedural due process claim.

Turning to the claim's potential merit, "[t]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty." *Andrew v. Clark*, 561 F.3d 261, 269 (4th Cir. 2009) (internal quotation marks omitted). "A property interest exists when one has a legitimate claim of entitlement to a right arising from such sources as state statutes, local ordinances, and employment contracts." *Bunting v. City of Columbia*, 639 F.2d 1090, 1093 (4th Cir. 1981). For example, if an employment contract provides that an employee may only be discharged for cause, then the employee possesses a property interest in his continued employment. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988). Under Maryland law, a presumption of at-will employment exists, but this may be overcome "when the parties explicitly negotiate and provide for a definite term of employment or a clear for-cause provision." *Spacesaver Sys., Inc. v. Adam*, 98 A.3d 264, 279 (Md. 2014).

Here, the district court found that Bailey-El failed to allege that he was anything other than an at-will public employee, and therefore, he retained no property interest in continued employment. *See Andrew*, 561 F.3d at 269. However, the district court did not

3

specifically address Bailey-El's contention that he was entitled to an arbitration hearing under his union contract. Although Bailey-El does not possess a property interest in the arbitration hearing itself, *see Jackson v. Long*, 102 F.3d 722, 729 (4th Cir. 1996), he may have had an interest in continued employment requiring post-termination process under the collective bargaining agreement mentioned in his amended complaint. *See Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 566 (6th Cir. 2004) (holding that collective bargaining agreement gave rise to property interest where agreement required just cause for discharge). Furthermore, if Bailey-El had a property interest in continued employment, then he would have been entitled to "a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997). However, the allegations of the amended complaint were not sufficiently developed to determine whether the process afforded to Bailey-El was constitutionally adequate. Therefore, we believe that the district court prematurely dismissed Bailey-El's procedural due process claim.

Accordingly, we affirm the district court's dismissal of Bailey-El's First Amendment claims and vacate the district court's dismissal of Bailey-El's procedural due process claim. On remand, the district court should give Bailey-El an opportunity to again amend his complaint to clarify whether he had a property interest in continued employment under the collective bargaining agreement and, if so, to specify the process that he was given related to his termination. We dispense with oral argument because the

4

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*